IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MACK TRUCKS, INC. | : | CIVIL ACTION |
| v. | : | |
| BORGWARNER TURBO SYSTEMS, INC. | : | NO. 08-2621 |

MEMORANDUM

Bartle, C.J.  May 6, 2011

Before the court is the motion of plaintiff Mack Trucks, Inc. ("Mack") to reconsider the court's order of March 22, 2011 granting partial summary judgment to defendant BorgWarner Turbo Systems, Inc. ("BorgWarner").

To obtain reconsideration of a court's decision, a party must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Mack argues that reconsideration is required under the third prong of this test.

In opposition to BorgWarner's motion for summary judgment, among other things, Mack argued that BorgWarner frustrated Mack's ability to satisfy a condition precedent to obtaining warranty coverage on products BorgWarner was manufacturing for Mack. Thus, Mack maintained that BorgWarner could not deny warranty coverage based on Mack's failure to

satisfy that condition.  The court found that Mack failed to introduce evidence creating a genuine issue of material fact as to this argument.

Mack now contends that the court did not consider a declaration by Mack employee Darin Lewis in its analysis of Mack's frustration of performance argument.  This is correct.  The court did not consider the Lewis declaration for this purpose because Mack did not cite to the Lewis declaration in the section of its brief explaining that argument.

Moreover, the Lewis declaration does not persuade the court that reconsideration is necessary to avoid manifest injustice.  Under Pennsylvania's implied covenant of good faith and fair dealing, parties have an implied "duty to bring about a condition or to exercise discretion in a reasonable way."  USX Corp. v. Prime Leasing, Inc., 988 F.2d 433, 438 (3d Cir. 1993); see Dusquene Light Co. v. Westinghouse Elec. Co., 66 F.3d 604, 617-18 (3d Cir. 1995).  Examples of conduct violating this implied covenant include "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance."  Kaplan v. Cablevision of Pa., Inc., 671 A.2d 716, 722 (Pa. Super. Ct. 1996); see Allstate Transp. Co. v. Se. Penn. Transp. Auth., Case No. 97-1482, 2000 WL 329015, at *18-*19 (E.D. Pa. Mar. 27, 2000).  Drawing all inferences in Mack's favor, the declaration shows only that BorgWarner offered to warranty

turbochargers with operating limits that Mack considered unacceptable in light of the investment it had already made in its engine design.  The Lewis declaration simply does not show that BorgWarner abused a power to specify terms or negotiated with Mack in bad faith.